SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE
-------------------------------------------------------------------------X
In the Matter of the petition of HONORABLE
ANN PFAU, Chief Administrative Judge of                    Index No. 2009-8236
the New York State Unified Court System,

                        Petitioner,                    **Consent Order**

FORSTER & GARBUS, et al.,

                        Respondents,
-------------------------------------------------------------------------X

           Petitioner commenced this action by an order to show cause granted on July 21,

2009 with verified petition of the Honorable Ann Pfau, Chief Administrative Judge of the New

York State Unified Court System, verified on July 9, 2009, and the affirmation of James M.

Morrissey, Assistant Attorney General of the New York State Attorney General ("OAG"),

affirmed to on July 17, 2009; the affidavits of Aric Andrejko, Associate Internal Auditor for the

Internal Audit Unit of the New York State Unified Court System ("UCS"), sworn to on July 6,

2009; Bradley J. Bartram, Intelligence Analyst with the Investigations Division of the OAG,

sworn to on June 30, 2009; George Danyluk, Audit Manager for the Internal Audit Unit of the

UCS, sworn to on July 15, 2009; Brian Jasinski, Internal Auditor for the Internal Audit Unit of the

UCS, sworn to on July 6 , 2009; Sylvia Mahoney, Senior Court Office Assistant with the Buffalo

City Court, sworn to on June 30, 2009; Sandra J. Migaj, Investigator with the OAG, sworn to on

June 29, 2009; OAG Investigator Kathleen Coppersmith, sworn to on June 24, 2009; OAG

Investigator Ralph Dorismond, sworn to on June 24, 2009; OAG Senior Investigator Brian Ford,

sworn to on June 24, 2009; OAG Investigator Jeffrey D. Haber, sworn to on June 24, 2009;

OAG Investigator Andrea Hughes, sworn to on June 24, 2009; OAG Investigator Cynthia Kane,

sworn to on June 23, 2009; OAG Investigator Joseph T. Kelly, sworn to on June 24, 2009; OAG

Senior Investigator Judith L. Koerber, sworn to on June 25, 2009; OAG Investigator William L.

Lightbody, sworn to on June 24 and July 8, 2009; OAG Investigator Douglas Lindamen, sworn

to on June 24, 2009; OAG Investigator Frank Lingeza, sworn to on June 24, 2009; OAG

Investigator Gerald J. Matheson, sworn to on June 24, 2009; OAG Investigator Paul Matthews,

sworn to on June 26, 2009; Investigator John G. Phillips, sworn to on June 24, 2009; OAG

Senior Investigator Peter Schwindeller, sworn to on June 24, 2009; OAG Investigator Chad A.

Shelmidine, sworn to on June 25, 2009; OAG Senior Investigator Salvatore J. Ventola, sworn to

on June 30, 2009; OAG Investigator Jon K. Wescott, sworn to on June 25, 2009, and the

exhibits thereto.

Respondent [NAME] [DESCRIPTION OF PAPERS SUBMITTED IN

OPPOSITION].

Petitioner, in reply to the Respondents' answering papers, submitted the

affirmation of Assistant Attorney General James M. Morrissey, affirmed to on December 11,

2009, and the affidavits of Dennis Donnelly, sworn to on December 11, 2009; George Danyluk,

sworn to on December 11, 2009; William Singler, sworn to on December 9, 2009; and Linda

Hand, sworn to on December 9, 2009.

NOW, on motion of Andrew M. Cuomo, Attorney General of the State of New

York (hereinafter "Office of the Attorney General" or "OAG"), attorney for the petitioner, and on

the above pleadings and proceedings, and on the consent of [NAME OF LAW FIRM

REPRESENTING RESPONDENT], counsel for the respondent [Name] ("Respondent"), and

having had due deliberation, it is hereby

1.      ORDERED AND DECREED that, pursuant to CPLR § 407, petitioner's

claims against Respondent are hereby severed from the claims against all other respondents

and, on the terms and conditions set forth herein, this proceeding is terminated discontinued

and dismissed with prejudice with respect to Respondent; and it is further

2.      ORDERED AND DECREED that, within 30 days of service of the notice

of entry of this Consent Order, Respondent, or any firm which has been substituted as counsel (referred to collectively as "Respondent"), will designate a partner, member, shareholder, associate, employee or agent who shall serve as "administrator" and who will be responsible for carrying out all of the activities required by this Consent Order and will provide the name of the "administrator" to the Petitioner, provided that Respondent will notify Petitioner within five business days where a firm is substituted as counsel ; and it is further

3.    ORDERED AND DECREED that for purposes of this Consent Order, the following definitions shall apply:

a.    The term "action" shall refer to actions and proceedings.

b.    The term "complaint" shall refer to a summons and complaint, or notice of petition or order to show cause and petition.

c.    The term "plaintiff" shall refer to plaintiffs on whose behalf a default judgment was entered in an action filed on or after January 1, 2006, and that judgment was based on a complaint served by ZMOD Process Corp., doing business as American Legal Process ("ALP"), pursuant to CPLR § 308(4).

d.    The term "defendant" shall refer to defendants and respondents;

e.    Exhibit A shall mean (i) the notice letter and affidavit and stipulation and (ii) the insert recommending that defendants who are Spanish speakers seek a translation of the notice letter and affidavit and stipulation, and notifying defendants of organizations that may be available to  provide them with assistance including, for example, the Unified Court System Help Centers, the Civil Court Help Centers and organizations that are funded by the Legal Services Corporation and the IOLA Fund of the State of New York; and it is further

4.    ORDERED AND DECREED that, within 120 days of service of the notice of entry of this Consent Order, Respondent will identify all actions involving plaintiffs as identified in Paragraph 3(c) above, excluding actions in which:

a.    The defendant appeared personally or by an attorney;

b.    The defendant answered the complaint;

3

c.      The defendant paid part or all of the judgment, but not including defendants from whom such payment(s) was taken, or made, from the funds of an account in any banking institution within sixty (60) days after a restraint was placed upon said account and such defendant had not made a payment on the judgment previous to such restraint; provided that Petitioner may request the basis on which a respondent, or the plaintiff in the underlying action, determined that a payment made by a defendant within 60 days after a restraint was placed on a bank account did not, in fact, come from funds in the restrained account.;

d.      The defendant has made payments under an income execution for a total of 12 consecutive or non-consecutive months;

e.      The defendant was served by the New York State Secretary of State;

f.      The defendant has a pending or closed bankruptcy proceeding unless Respondent is aware that the closed bankruptcy proceeding was dismissed by the bankruptcy court;

g.      The defendant entered into a written stipulation to settle an action, but not including defendants who entered into such stipulation within sixty (60) days after a restraint was placed upon the funds of an account in any banking institution, provided this provision shall not extend to defendants who originally entered into such written stipulation prior to said restraint being placed upon the account;

h.      The defendant is deceased;

i.      The default judgment has been previously vacated;

j.      The defendant has received or obtained a satisfaction of judgment; and it is further

5.      ORDERED AND DECREED that, within 120 days of service of the notice of entry of this Consent Order, Respondent will notify the Petitioner of the name and address of each client, or former client, for whom it took default judgments in actions identified pursuant to paragraph 4 above who will not permit Respondent to bind it to the process set forth in this Consent Order, which notification shall include the name and index number of each action to which the client was a party; and it is further

6.      ORDERED AND DECREED that, with the exception of actions for which a plaintiff has not agreed to be bound by the provisions of this Consent Order as set forth in

4

paragraph 5 above, within 150 days of service of the notice of entry of this Consent Order, Respondent will send by first class mail the notice and affidavit and stipulation (referred to collectively as the "mailing"), annexed hereto as Exhibit A, to each defendant in actions identified pursuant to paragraph 4 above to the defendant's last known address in an envelope that will have as the return address of Respondent, but not the name of the firm on the envelope, which mailing shall not constitute a communication by Respondent for the purposes of the 15 U.S.C. § 1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act; and it is further

7.      ORDERED AND DECREED that, where a mailing is returned to Respondent by the United States Postal Service ("USPS") as undeliverable within one year of mailing, Respondent will, within 30 days of such return, take additional steps permitted by law to identify the address of the defendant, including a review of the database maintained by Accurint, or another similar database mutually agreed to by the parties, which review shall satisfy this paragraph, and resend the mailing required by paragraph 6 above, and the accomplishment of this review will fulfill the notification requirements of the Consent Order and Respondent will have no further obligations regarding mail returned as undeliverable; and it is further

8.      ORDERED AND DECREED that, within 180 days of service of the notice of entry of this Consent Order, Respondent will furnish the Petitioner with an attorney affirmation or affidavit attesting to its compliance with paragraphs 4 – 7 above, including a list of defendants to whom the mailing was sent and when, which affirmation or affidavit shall be sufficiently detailed and shall include as attachments documents reasonably necessary for the Petitioner to determine that Respondent is complying with the Consent Order; and it is further

9.      ORDERED AND DECREED that, if within one year of service of the notice of entry of this Consent Order, a defendant for whom the mailing was returned by the

USPS as undeliverable, seeks to have a judgment vacated, Respondent will send to the

defendant the mailing described in paragraph 6 above; provided that Respondent shall not be

required to re-send a mailing pursuant to this paragraph if it is returned as undeliverable; and it

is further

10.     ORDERED AND DECREED that, when a defendant returns the sworn

affidavit and stipulation to Respondent, postmarked within 60 days of the date of mailing,

Respondent will, within 30 days of receipt, deliver by first class mail to the appropriate clerk for

filing the stipulation to vacate the default judgment, pursuant to CPLR  § 5015(b), on notice to

the defendant by first class mail, and Respondent will arrange for an immediate cessation of any

collection activities on such judgment; and it is further

11.     ORDERED AND DECREED that the affidavit and stipulation shall provide

that the failure of a defendant who actually received the mailing to return the sworn affidavit and

stipulation postmarked within 60 days of the aforesaid mailing shall constitute a waiver,

relinquishment and abandonment of any right to seek to have a judgment vacated pursuant to

this Consent Order; if a defendant fails to return the sworn affidavit postmarked within 60 days

after the aforesaid mailing, such failure shall constitute a waiver, relinquishment and

abandonment by such defendant of any right to have the judgment vacated pursuant to this

Consent Order; and it is further;

12.     ORDERED AND DECREED that defendants who did not receive a

mailing solely because an action was filed before January 1, 2006 may request in writing or by

email the mailing and Respondent shall send it within ten business days of such request by first

class mail, provided that the email or written request must be sent or postmarked within one

year of the date of service of the notice of entry of this Consent Order, and Respondent, in

response to an oral request for the mailing will, within five business days of such request made

6

within the same one year period, send to the defendant by first class mail a form on which to request receipt of the mailing, and it is further

13.     ORDERED AND DECREED that the affidavit and stipulation shall provide that where a judgment is vacated, Respondent and/or the plaintiff will not be required to return amounts previously paid, provided, tendered, collected or otherwise obtained from the defendant unless and until Respondent and/or the plaintiff fail to re-serve the defendant within 120 days of the date the judgment is vacated, or, plaintiff is ordered to do so following a final disposition of the action; and it is further

14.     ORDERED AND DECREED that the affidavit and stipulation shall provide that, where a judgment is vacated, (i) the defendant agrees that the plaintiff or Respondent may re-serve the complaint, within 120 days of the date the judgment is vacated, by certified mail, return receipt requested, and first class mail, to the address identified by the defendant on the affidavit and stipulation, or in any other manner permitted by law; (ii) that the defendant will agree to claim the certified mail; and (iii) that the defendant will file a change of address form with the United States Postal Service in the event that the defendant changes residence after submitting the affidavit and stipulation, and keep such change of address order current; and it is further

15.     ORDERED AND DECREED that, where an action is re-served pursuant to paragraph 14 above, the defendant will have 45 days from the date of mailing within which to answer, and the parties thereto may take any actions or make any motions permitted by the CPLR, including the application for a default judgment if the defendant fails to answer; and it is further

16.     ORDERED AND DECREED that a stipulation vacating the default judgment shall not be considered as a dismissal of the action, or a stipulation of settlement or

voluntary discontinuance, and the existing index number and request for judicial intervention or similar docket number(s) which have been purchased, or otherwise exist in the original action, shall be considered valid; and it is further

17.     ORDERED AND DECREED that the affidavit and stipulation shall provide that any defendant who seeks to vacate a judgment under the terms of this Consent Order must agree (i)  to waive, relinquish and abandon any and all claims against the plaintiff and Respondent for any and all actions, claims, suits, controversies and demands either in law or equity arising out of the activities and conduct of ALP; (ii) that the action will be deemed to have been brought on the date on which it was originally filed; and (iii) in no event shall the failure of the plaintiff in the underlying action to re-serve process pursuant to the provisions herein within 120 days of the filing of the action serve as a basis to dismiss the action pursuant to CPLR  § 306-b; and it is further

18.     ORDERED AND DECREED the affidavit and stipulation shall provide that failure to re-serve process within 120 days of the date the judgment is vacated will result in forfeiture of any right to do; and it is further

19.     ORDERED AND DECREED the affidavit and stipulation shall provide that, when a judgment is vacated, and the plaintiff in the underlying action does not re-serve process in a timely manner, Respondent and plaintiff shall, within 150 days of the date the judgment was vacated, return to the defendant the monies paid on the judgment, provided that Respondent shall only be responsible for the monies it received as fees paid to it for services rendered, and plaintiff shall bear responsibility for monies received as collection on the judgment, and neither plaintiff nor respondent shall bear responsibility to return fees paid to a sheriff or marshal to enforce the judgment pursuant to CPLR §§ 8011 and 8012; and it is further

20.     ORDERED AND DECREED that all pending applications for default

8

judgments where ALP served process pursuant to CPLR § 308(4) shall be subject to the terms and conditions of this Consent Order, and Respondents and/or plaintiffs will withdraw such applications, send the mailing required by paragraph 6 above, and otherwise proceed in accordance with all of the other relevant provisions of this Consent Order; and it is further

21.    ORDERED AND DECREED that nothing in this Consent Order shall be construed to prevent the consideration of pending applications for default judgments where ALP served process by means other than CPLR § 308(4), nor shall this Consent Order be construed as evidence that Respondent or plaintiffs abandoned such applications or failed to prosecute them; and it is further

22.    ORDERED AND DECREED that, for two years after service of the notice of entry of this Consent Order, or until this Consent Order is fully complied with, whichever is shorter, Respondent will provide to the Petitioner on a quarterly basis the following data:

    a.    Defendants for whom a judgment is vacated and the amount of the judgment;

    b.    Defendants whom it re-serves and the date and method of service; and

    c.    Defendants who receive a return of funds paid on the default judgment and the amount thereof; and it is further

23.    ORDERED AND DECREED that, where the reporting obligation described in paragraph 22 above terminates before this Consent Order is fully complied with, Respondent agrees to provide to the Petitioner, at her reasonable request, such information necessary for her to determine compliance with the Consent Order which is not subject to any legal or ethical prohibition against disclosure; and it is further

24.    ORDERED AND DECREED that Respondent will provide any notice, report and/or any other communication required pursuant to this Consent Order to the Office of the Attorney General, Attn: James M. Morrissey, Assistant Attorney General, 350 Main Street,

Suite 300A, Buffalo, New York 14202; and it is further

25.     ORDERED AND DECREED that Respondent will make earnest efforts to comply with the timelines herein but may expand any of the timelines by stipulation with the Petitioner, or may seek to expand the a timeline by motion for good cause shown, including a demonstration that any delay was caused through no fault of Respondent; and it is further

26.     ORDERED AND DECREED that, before the Petitioner seeks relief to cure an alleged violation of this Consent Order, she will provide Respondent with ten days written notice of the same, including a description of the alleged violation, to give the respondent an opportunity to cure the alleged violation; and it is further;

27.     ORDERED AND DECREED that this Consent Order, and the Exhibit hereto, (i) may not be used as evidence in any judicial or administrative hearing, proceeding or action except for a proceeding by the Petitioner to enforce its terms; (ii) does not create duties or obligations to third persons not a party to this litigation, except as explicitly set forth herein; and (iii) creates no liability or responsibility from the Respondent or the plaintiffs to any third party based on compliance with any term, condition or provision of this Consent Order, other than as explicitly set forth herein; it being the expressed intent of this Court that compliance with this Consent Order shall not constitute a violation of 15 U.S.C § 1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act, or N.Y. General Business Law, Articles 22-A and 29-H; and it is further

28.     ORDERED AND DECREED that there is no allegation within the petition that Respondent (i) knowingly used any improper affidavits provided to it by ALP, (ii) was aware of any wrongdoing by ALP, or (iii) was otherwise involved in any wrongdoing associated with the service of process by ALP.   As such, this Consent Order does not constitute a finding by the Court of any wrongdoing or liability on the part of respondent or an admission by Respondent of

10

any wrong doing or liability; and it is further

29.     ORDERED AND DECREED that Petitioner will (i) at least 20 days prior to posting, provide to Respondents for their comment, the full text of the website referred to in the notice letter which is part of Exhibit A, including a list of the links that may be included; (ii) at least 20 days prior to posting, provide to Respondents the final full text of the website referred to in the notice letter which is part of Exhibit A, and the links that will be included; and (iii) at least 30 days prior to the date that notice will be sent pursuant to this Consent Order, provide to Respondents for their comment the insert that will be included in the notice letter which is part of Exhibit A, including a list of the organizations that may be available to  provide defendants with assistance; and it is further.

30.     ORDERED AND DECREED that the Court hereby retains jurisdiction to enforce this Consent Order and all disputes arising under this Consent Order shall be submitted to the Court.


_____

HON. TIMOTHY J. DRURY, J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE
--------------------------------------------------------------------------X
In the Matter of the petition of HONORABLE
ANN PFAU, Chief Administrative Judge of                           Index No. 2009-8236
the New York State Unified Court System,

                      Petitioner,                              **Stipulation and Consent**

FORSTER & GARBUS, et al.,

                      Respondents,
--------------------------------------------------------------------------X

        IT IS HEREBY ACKNOWLEDGED, STIPULATED, AND CONSENTED to, by
and between NAME, on behalf of Respondent and Andrew M. Cuomo, Attorney General of the
State of New York, (James M. Morrissey, Assistant Attorney General, of Counsel), as attorney
for petitioner herein, that:

        1.      NAME (hereinafter "the Respondent") represents that he has authority to
execute the foregoing Consent Order (hereinafter "Consent Order") and has authority to bind
Respondent to this Consent Order.

        2.      Respondent acknowledges that it has been served with a copy of the
order to show cause and the verified petition with the affirmations, affidavits and exhibits
thereto, and desires to settle and resolve the proceeding without admitting the allegations
contained in the verified petition.  Respondent states that it was not aware of the fraudulent
activities of ZMOD Process Corp., doing business as American Legal Process ("ALP"), but
agrees not to take any action or to make or permit to be made any public statement creating the
impression that this proceeding was without factual basis.  Nothing in this paragraph affects
Respondent's: (a) testimonial obligations; or (b) right to take legal or factual positions as to ALP
in connection with any other administrative, judicial and any other matter or proceeding other
than the above-referenced matter.

3.      The Petitioner and the Office of the New York Attorney General acknowledge that Respondent has cooperated fully with the settlement of this proceeding and the development of remedial measures to redress the fraudulent actions of ZMOD Process Corp., doing business as American Legal Process.

4.      Respondent acknowledges that it has received a copy of the annexed Consent Order, and agrees to the obligations and duties it imposes.

5.      This Stipulation and Consent is entered into by Respondent as its own free and voluntary act with full knowledge and understanding of the nature of the actions and the obligations and duties imposed upon it by the Consent Order.  Respondent consents to the entry of the Consent Order without further notice, and agrees that no offers, agreements or inducements of any nature whatsoever have been made to it by Petitioner or by her attorney or any employees of the Attorney General's office to procure this Stipulation and Consent except as set forth in the annexed Consent Order.

6.      The annexed Consent Order shall be entered against Respondent without costs.

7.      This proceeding is hereby terminated against Respondent with prejudice except as necessary to enforce the terms and conditions of this Consent Order.

8.      Petitioner may apply to the court, upon twenty (20) days notice to counsel, for such other and further relief as they deem necessary for the purpose of carrying out the terms of the Consent Order.

Dated:  Buffalo, New York
         May      , 2010


_____
NAME
On behalf of Respondent

13

ANDREW M. CUOMO
Attorney General of the
 State of New York
Attorney for Petitioners


BY:    _____
       JAMES M. MORRISSEY
       Assistant Attorney General
        Of Counsel